IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| AND PETITION OF DAVE VICKERS, AS | § | |
| OWNER OF THE M/V WAKESETTER | § | NO. 17-CV-302-KEW |
| FOR EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | ADMIRALTY RULE 9(h) |

### PETITIONER DAVE VICKER'S MOTION TO STRIKE OR DISREGARD "SHAM" ERRATA CHANGES

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

Comes now, Petitioner, DAVE VICKERS, as owner of the M/V 2014 MALIBU WAKESETTER (the "Vessel"), her engines, gear, tackle, appurtenances, etc. and files his Motion to Strike or Disregard "Sham" Errata Changes.

Claimant Buchanan ("Buchanan") made admissions in his recent deposition that should entitle Vickers to summary judgment. After Buchanan's deposition, in a transparently bad-faith effort to create a factual issue as to Vickers' motion for summary judgment [D.E. 46], Buchanan completed an errata sheet that directly contradicts his deposition testimony. Buchanan literally changed "yes" answers given in his deposition to "no" in his errata sheet. While errata sheets can be used to make substantive changes, in the Tenth Circuit, an errata sheet that directly contradicts deposition testimony in an effort to defeat a pending motion for summary judgment is a sham, and it should be stricken or disregarded. Buchanan's bad faith conduct should not be rewarded. The Court should strike or disregard the errata sheet, and grant Vickers summary judgment.

### I.    The Tenth Circuit Does Not Allow "Sham" Errata Sheets to Avoid Summary Judgment By Creating an Issue of Fact.

When a summary judgment motion is pending, the respondent is not permitted to file an errata sheet that directly contradicts deposition testimony, because this would "create a sham fact issue to avoid summary judgment." *Ruleford v. Tulsa World Publ'g Co.*, 266 F. App'x 778, 783

(10th Cir. 2008)(affirming summary judgment after district court struck errata sheet and affidavit as sham attempts to create issue of fact). The same rule applies even if errata changes do not directly contradict testimony, but "substantially qualify [a witness's] prior statements[.]" *BancFirst v. Ford Motor Co.*, 422 F. App'x 663, 666 (10th Cir. 2011). "[C]ourts will disregard a contrary affidavit when they conclude that it constitutes an attempt to create a sham fact issue." *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986). "[T]he utility of summary judgment as a procedure for screening out sham fact issues would be greatly undermined if a party could create an issue of fact merely by submitting a [statement] contradicting his own prior testimony." *Id.* The same rule applies to errata sheets and affidavits. *Burns v. Bd. of County Com'rs of Jackson County*, 330 F.3d 1275, 1282 (10th Cir. 2003). If a witness was able to be fully questioned, had access to relevant evidence during his deposition, the errata sheet is not based on newly discovered evidence, and there is no apparent confusion during the deposition, there are no plausible grounds to allow an errata sheet that directly contradicts prior testimony. *Id.*; *See also*, *Rios v. Bigler*, 67 F.3d 1543, 1547, 1551-52 (10th Cir. 1995). A witness cannot "trea[t] the deposition as a 'take home examination'" and if he does so by submitting an "errata sheet [that] makes . . . substantive changes . . . the district court d[oes] not abuse its discretion by disregarding alterations to [prior] deposition testimony." *BancFirst*, 422 F. App'x at 666.

## II. Buchanan's Changes Directly Contradict and Substantially Qualify His Deposition Testimony.

Buchanan's errata changes are the exact type of contradictory, substantially qualifying amendments to prior testimony the Tenth Circuit has approved striking on numerous occasions. This is not a novel question of law or a new rule. This has been established law for decades in the Tenth Circuit.

Buchanan's deposition transcript is attached as **Exhibit A**, to assure the Court nothing is left out that would impact the analysis here. Buchanan's errata sheet is attached as **Exhibit B**. The following changes are relevant:

**Relevant Deposition Testimony Establishing Vickers Was Not At Fault**[1]

**Q. Sometimes things are just accidents, right?**
**A. Yes.**

**Q. Do you consider this just to be an accident?**
**A. Yes.**

**Q. It doesn't have to be anybody's fault per se, it was just an accident?**
**A. Yes.**

**Q. Is that what you think was the case here?**
**A. Yes.**
…
**Q. So that was the only falsehood that you said in that statement?**
**[about whether Buchanan had drank any alcohol]**

**Errata Change As to Testimony Establishing Vickers Was Not At Fault**[2]

**Errata: "Change Yes to No. I testified elsewhere that Mr. Vickers was negligent."**

**Relevant Deposition Testimony Indicating Buchanan Products in Financial Trouble Prior to Boat Incident**[3]

**A. What accounts for it. You know, business in 2015 and 2016 went down because of things beyond my control.**

**Q. What was it in 2015 that happened?**
**A. State fair decided to start doing construction on the fairgrounds and made it very difficult to operate business.**

**A. And same thing, the state fair – or Texas, they imposed a $15 parking charge just to – the city did that just to come to – onto the fairgrounds, which affected the businesses.**

---

1. Exhibit A, Buchanan Deposition, 67:11-21; 85:21-23. Buchanan also stated Vickers was not negligent in a recorded statement shortly after the boat incident.
2. Exhibit B, Buchanan's Errata Sheet, changing Buchanan Deposition, 67:21; 85:23.
3. Exhibit A, Buchanan Deposition, 73:14-15.

2657460v.1

**Errata Change as to Testimony Indicating Buchanan Products in Financial Trouble Prior to Boat Incident**[4]

**Errata: "Add 'and the boat injury.'"**

**Relevant Deposition Testimony Indicating Buchanan Not Claiming Head Injury**[5]

**Q. So you're not claiming any head damage are anything, are you?
A. No.**

**Errata Change to Testimony Indicating Buchanan Not Claiming Head Injury**[6]

**Errata: "Change 'no' to 'yes' because I've now learned that the vertigo in my instance was caused by a head trauma."**

These changes are exactly the type of contradictory statements, and statements that so substantially qualify a previous answer that the answer is completely changed, that the 10th Circuit has found appropriately stricken on numerous occasions. The Tenth Circuit, in *Burns*, 330 F.3d at 1282, disallowed actions similar to Buchanan's. *Burns* affirmed summary judgment in favor defendants in employment discrimination case, holding that employee's attempt to change his deposition testimony to give more artful answers in support of his suit was properly disregarded, based on same analysis used to evaluate sham affidavits. *Id.* at 1282-83.

> In his deposition corrections filed pursuant to Federal Rule of Civil Procedure 30(e), Burns changed the answers underlined above to "No, I don't think that was the only reason," and "Yeah, I'd say that was part of it." (1 *id.* at 110.) The district court disregarded Burns's "attempt to rewrite portions of his deposition," citing *Franks v. Nimmo,* 796 F.2d 1230 (10th Cir.1986), and other cases. (2 *id.* at 509.) *Franks* and the other cases cited by the district court deal with what are generally referred to as "sham affidavits."
>
> "There is authority for the proposition that in determining whether a material issue of fact exists, an affidavit may not be disregarded because it conflicts with the affiant's prior sworn statements." *Franks,* 796 F.2d at 1237; *see also Miller v. A.H. Robins Co.,* 766 F.2d 1102, 1104 (7th

---

4.    Exhibit B, Buchanan Deposition, 73:8.
5.    Exhibit A, Buchanan Deposition, 144:15-17.
6.    Exhibit B, Buchanan Deposition, 144:17.

4

2657460v.1

> Cir.1985) (holding that "[a]n inconsistent affidavit may preclude summary judgment ... if the affiant was confused at the deposition and the affidavit explains those aspects of the deposition testimony"); 10B Charles Alan Wright et al., *Federal Practice & Procedure* § 2738, at 334 ("[A] witness' affidavit will not be automatically excluded because it conflicts with the witness' earlier or later deposition."). **We will disregard a contrary affidavit, however, when it "constitutes an attempt to create a sham fact issue."** *Franks,* 796 F.2d at 1237. Factors to be considered in determining whether an affidavit presents a sham issue include "whether the affiant was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the affidavit attempts to explain." *Id.*
>
> Burns argues that *Franks* and other cases dealing with "sham affidavits" are not relevant to the instant case, because he modified his statements not in a subsequent affidavit, but in an errata sheet submitted pursuant to Federal Rule of Civil Procedure 30(e). **We reject this distinction.** In the recent case of *Garcia v. Pueblo Country Club,* 299 F.3d 1233 (10th Cir.2002), this court discussed the purpose of Rule 30(e). Quoting *Greenway v. Int'l Paper Co.,* 144 F.R.D. 322, 325 (W.D.La.1992), we noted that "[t]he Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. **A deposition is not a take home examination."** *Garcia,* 299 F.3d at 1242 n. 5 (quotation omitted). We stated that "[w]e do not condone counsel's allowing for material changes to deposition testimony and certainly do not approve of the use of such altered testimony that is controverted by the original testimony." *Id.*
>
> We see no reason to treat Rule 30(e) corrections differently than affidavits, and we hold that Burns's attempt to amend his deposition testimony must be evaluated under *Franks.* None of the three *Franks* factors is satisfied in the instant case. First, Burns was cross-examined at his deposition. Second, Burns's corrections were not based on any newly discovered evidence. Third, although Burns asserts that he was confused at his deposition, his answers to the direct questions posed by counsel do not reflect any obvious confusion—as opposed to indecisiveness or inconsistency—that the corrections would need to clarify. Thus, the district court correctly disregarded Burns's testimony. *See Franks,* 796 F.2d at 1237.

*Id.* at 1281-82 (emphasis added).

Buchanan should not be permitted to disavow or contradict his sworn testimony. Buchanan's counsel had the opportunity to ask him questions during the deposition to clear up any alleged errors or misunderstandings, but he chose not to do so. Buchanan's answers to direct questions posed by counsel do not reflect any confusion.[7] Nor are his changes attributable to any newly discovered evidence. His errata sheet also contradicts a recorded statement Buchanan gave shortly after the July 23, 2016 boat incident. His errata sheet amounts to a sham affidavit and should be stricken. Buchanan admitted Vickers was not at fault, and he should be held to that admission. An admission made during a deposition that someone is "not at fault" is binding and should result in summary judgment. *See, e.g., Okere v. Chi. Transit Auth.*, 2016 U.S. Dist. LEXIS 84229, at *4 (N.D. Ill. 2016). In *Okere*, in the face of deposition testimony admitting no fault, the Court refused to allow a competing statement of undisputed fact containing denials that were contradicted by the testimony. *Id.* at *8.

Petitioner requests the Court to strike or disregard the errata sheet, and render judgment in favor of Petitioner for complete exoneration. *See,* [D.E. 46].

Respectfully submitted,

*/s/William Tracy Freeman*
William Tracy Freeman
Admitted *Pro Hac Vice*
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
909 Fannin Street, Suite 3300
Houston, Texas 77010
(713) 353-2000 (Telephone)
(713) 785-7780 (Facsimile)
Tracy.Freeman@wilsonelser.com

---

7. Exhibit A, Buchanan Deposition, 149:22-25. **Q. Okay. And I take it you've understood my questions, the ones you've answered, you understood them? A. Yes.**

*/s/Allison J. Maynard*
Allison J. Maynard
Oklahoma Bar No. 19675
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
(214) 698-8000 Telephone
(214) 698-1101 Facsimile
Allison.Maynard@wilsonelser.com

*Attorneys for Petitioner*

### CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 7.1(f), I hereby certify I substantively discussed the matters raised herein with opposing counsel on October 15, 2018 in a telephonic conference. We were unable to reach an accord after a sincere attempt to resolve differences. A telephonic conference was necessary instead of a personal conference because the distance between our respective offices renders a personal conference infeasible. Undersigned counsel's office is in Houston, Texas. Opposing counsel's office is in Oklahoma City, Oklahoma.

*/s/William Tracy Freeman*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically with the clerk of the court by using the CM/ECF system on this 15th day of October, 2018, pursuant to the Federal Rules of Civil Procedure, and therefore served on all counsel of record.

*/s/Allison J. Maynard*
Allison J. Maynard

2657460v.1