**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

IN THE MATTER OF THE COMPLAINT )
AND PETITION OF DAVE VICKERS, )
AS OWNER OF THE M/V WAKESETTER ) Case No. CIV-17-302-KEW
FOR EXONERATION FROM OR )
LIMITATION OF LIABILITY )

## OPINION AND ORDER

This matter comes before the Court on Petitioner's Motion for Summary Judgment (Docket Entry #46). Related to this Motion and also considered in this Opinion and Order is the Petitioner's Motion to Strike or Disregard "Sham" Errata Changes (Docket Entry #59).

Claimant gave his deposition in this case on August 22, 2018. His testimony included the following exchange at p. 67:

| | | |
|---|---|---|
| 11 | Q: | Okay. Sometimes things are just accidents, right? |
| 13 | A: | Yes. |
| 14 | Q: | Do you consider this just to be an accident? |
| 16 | A: | Yes. |
| 17 | Q: | It doesn't have to be anybody's fault per se, it was just an accident? |
| 19 | A: | Yes. |
| 20 | Q: | Is that what you thing was the case here? |
| 21 | A: | Yes. |

Subsequent to the deposition and after the filing of Petitioner's Motion for Summary Judgment, Claimant submitted an errata sheet to the deposition, ostensibly correcting some of his

responses.  Among the corrections made by Claimant on the errata sheet was (1) at p. 67, l. 19, "Change yes to no, misunderstood the question.  My thought is that there can be an 'accident' for which someone is at fault."; and (2) at p. 67, l. 21, "Change yes to no. I testified elsewhere that Mr. Vickers was negligent."

Claimant also testified at p. 73 as follows concerning the financial status of his business:

| 2 | Q: | What accounts for the financial difficulty? |
| --- | --- | --- |
| 3 | A: | What other accounts? |
| 4 | Q: | No.  I'm saying, what accounts for it, what's the reason? |
| 6 | A: | What accounts for it.  You know, business in 2015 and 2016 went down because of things beyond my control. |
| 9 | Q: | What was it in 2015 that happened? |
| 10 | A: | State fair decided to start doing construction on the fairgrounds and made it very difficult to operate business. |
| 13 | Q: | Okay. |
| 14 | A: | And same thing, the state fair – or Texas, they imposed a $15 parking charge just to – the city did just to come to – onto the fairgrounds, which affected the businesses. |

Claimant altered his responses on the post-deposition errata sheet in stating (1) p. 73, l. 8, "Add 'and the boat accident injury.'"

Claimant testified at p. 144, ll. 15-17 in his deposition that

2

he was not claiming any damages to his head.[1]  On the errata sheet, Claimant stated "Change 'no' to 'yes' because I've now learned that the vertigo in my instance was cause (sic) by a head trauma."

A deponent is permitted to review the transcript of a deposition and "if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e).  The ability to modify testimony is not without limits.  The Tenth Circuit cited with approval the position stated in a case from a district court in Louisiana in quoting

> The Rule cannot be interpreted to allow one to alter what was said under oath.  If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses.  Depositions differ from interrogatories in that regard.  A deposition is not a take home examination.
>
> Garcia v. Pueblo Country Club, 299 F.3d 1233, 1242 n. 5 quoting Greenway v. Internat'l Paper Co., 144 F.R.D. 322, 325 (W.D. La. 1992).

The Garcia court went on to state "[w]e do not condone counsel's allowing for material changes to deposition testimony and certainly do not approve of the use of such altered testimony that is controverted by the original testimony."  Id.

In this case, Claimant not only altered the very substance of his testimony with his errata "corrections" represent the type of blatant "deponent's remorse" of which the Tenth Circuit has

---

[1] The Court would note that p. 144 of Claimant's deposition was not attached to any of the briefs filed in association with either the Motion to Strike or Motion for Summary Judgment.  The testimony is taken from p. 4 of Petitioner's Motion to Strike which the Court trusts was accurately represented in the briefing.

disapproved. For purposes of considering Petitioner's summary judgment motion, the referenced corrections will be stricken as inappropriate. For any other purpose, such as trial, Claimant may explain any misunderstanding in the deposition or facts determined after the deposition in live testimony.

This Court now turns to the summary judgment motion. Petitioner essentially argues that Claimant cannot prove Petitioner was negligent in the operation of the boat when it struck a wake from another boat which allegedly caused Claimant to be tossed about the boat allegedly resulting in injury. Since negligence cannot be shown, Petitioner contends he is entitled to limit Claimant's damages under federal admiralty law to the value of his boat and contents. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." <u>Universal Money Centers v. A.T. & T.</u>, 22 F.3d 1527, 1529 (10th Cir.), *cert. denied*, 513 U.S. 1052, 115 S.Ct. 655, 130 L.Ed.2d 558 (1994). The moving party bears the initial burden of showing that there is an absence of any issues of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the

nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed 2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. Applied Genetics v. Fist Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990); Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

Petitioner accurately sets out the elements of negligence under admiralty law, citing Pearce v. United States, 261 F.3d 643, 647-48 (6th Cir. 2001). He primarily relies upon Claimant's testimony that he believed crossing the wake and upsetting the occupants of the boat was an accident. However, testimony that a particular act was accidental, meaning done without intent, does not translate into a denial that the act was accomplished through a breach of an owed duty. Moreover, other testimony offered by both Petitioner and Claimant in their respective depositions could bear on the question of whether Petitioner's actions constituted negligence. As a result, this Court must conclude that at this stage of the proceedings, material questions of fact exist on the

question of negligence which is better determined after evaluating all of the testimony, including the credibility of the witnesses, and other evidence at trial.

IT IS THEREFORE ORDERED that Petitioner's Motion to Strike or Disregard "Sham" Errata Changes (Docket Entry #59) is hereby **GRANTED**.

IT IS FURTHER ORDERED that Petitioner's Motion for Summary Judgment (Docket Entry #46) is hereby **DENIED**.

IT IS SO ORDERED this 12th day of December, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE