**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

IN THE MATTER OF THE COMPLAINT )
AND PETITION OF DAVE VICKERS, )
AS OWNER OF THE M/V WAKESETTER ) Case No. CIV-17-302-KEW
FOR EXONERATION FROM OR )
LIMITATION OF LIABILITY )

**OPINION AND ORDER**

This matter comes before the Court on Petitioner's Motion to Realign Parties (Docket Entry #53). Petitioner asserts that the parties should be realigned in this action to reflect Claimant's initial burden of proof to establish Petitioner's liability for the alleged injuries suffered by Claimant. Effectively, Petitioner seeks to have Claimant designated as the "Plaintiff" and Petitioner as the "Defendant" in the trial of this case.

This Court has, by prior Opinion and Order, established that Claimant is not entitled to a jury trial in this limitation/exoneration action. *See* Docket Entry #80. Since this matter will be tried to the Court, no real purpose is served by realigning the parties such that a plaintiff and defendant are identified. The action was appropriately filed under the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, with the vessel and owner of the vessel identified. Claims were solicited and Claimant filed an appropriate claim against the vessel. No further designation of the parties is necessary.

Clarifying the burden of proof at trial may assist the parties. Both litigants have referenced the general progression of

the respective burdens. Claimant "'bears the initial burden of proving negligence,'. . . ." In re Nagler, 246 F.Supp.3d 648, 656 (E.D.N.Y. 2017)(citations omitted). The negligence which must be proved includes the "acts of negligence or conditions of unseaworthiness [which] caused the accident." In re Aramark Sports and Entertainment Serv., LLC, 831 F.3d 1264, 1273 (10th Cir. 2016)(citations omitted). If no negligence is shown, "the inquiry ends and the district court will typically issue an order exonerating the owner from liability." Id. If Claimant demonstrates negligence, "the burden shifts to the owner to show lack of privity or knowledge. . . . If the owner meets this burden, the court caps the owner's liability at the value of the vessel and pending freight, resolves the claims, and apportions the fund." Id. If the owner does not establish a lack of privity or knowledge, "the court denies the limitation petition and the owner is fully liable as it would have been absent the Limitation Act." Id.

The bench trial of this action will proceed in this fashion. The burden of proof will initially rest with Claimant, then shift to Petitioner if negligence is shown.

IT IS THEREFORE ORDERED that Petitioner's Motion to Realign Parties (Docket Entry #53) is hereby **DENIED.**

IT IS SO ORDERED this 27th day of February, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE