## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

IN THE MATTER OF THE COMPLAINT    )
AND PETITION OF DAVE VICKERS,     )
AS OWNER OF THE M/V WAKESETTER    )        Case No. CIV-17-302-KEW
FOR EXONERATION FROM OR           )
LIMITATION OF LIABILITY           )

## OPINION AND ORDER

This matter comes before the Court on Petitioner's Omnibus Motion in Limine (Docket Entry #67). Petitioner seeks to exclude evidence on several matters. Each will be addressed in turn.

1) Written expert report of Dr. Daniel Cochran (referred to in the Motion as "Dr. Clay Cochran").

This Court has addressed this issue in the Daubert motion filed by Petitioner on Dr. Cochran. Dr. Cochran's testimony will be received in the non-jury trial of this case and will be assessed in the final decision for admissibility and reliability.

2) Referencing or mentioning the filing or outcome of any motions.

Since this is will be tried to the Court, evidence of the rulings on other motions is known to the Court and need not be excluded.

3) Net worth comparisons of the solvency of Vickers.

Claimant confesses the exclusion of this evidence.

4) Reference to or evidence of settlement negotiations.

Claimant confesses the exclusion of this evidence.

5) Referencing or mentioning a decision not to call a witness.

Generally, no reference should be made to uncalled witnesses

at trial. Since this case will be tried without a jury, the exclusion is of less importance.

6) Reference to Vickers' counsel as "from out of town," "not local," or similar statements, and any comparison of the parties' respective counsel.

Since this case will be tried without a jury, the exclusion is of less importance.

7) Referencing or mentioning personal experience of jurors.

This issue is moot since no jury will hear the evidence.

8) Any insurance policy providing coverage to Vickers.

This issue is moot since no jury will hear the evidence.

9) Evidence of medical bills other than those paid or incurred.

Oklahoma law clearly limits a plaintiff's recovery of medical bills to "the actual amounts paid for any services in the treatment of the injured party. . . ." Okla. Stat. tit. 12 § 3009.1(A). The question presented is whether this state law limitation is applicable in a federal maritime case under the Limitations Act.

"The exercise of admiralty jurisdiction, however, does not result in automatic displacement of state law." Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199, 206 (1996). "State law can be applied in order to supplement the general maritime law[.]" Jones v. Carnival Corp., 2006 WL 8209625, *1 (S.D.Fla.2006); *see also* Stanley v. Bertram-Trojan, Inc., 868 F.Supp. 541, 542 (S.D.N.Y. 1994) ("[T]he preference for uniformity [in admiralty

law] does not totally preclude application of state law in the appropriate circumstances."). But there is no place in admiralty cases for state laws that conflict with maritime law. <u>Jones</u>, *supra*, 2006 WL 8209625, at *1. Admiralty law does not directly address the recovery of the billed medical expenses. Other courts in similar circumstances have limited liability to only those medical bills actually paid. *See* <u>Gharfeh v. Carnival Corp.</u>, 2019 WL 186864, *7 (S.D. Fla.); <u>Brown v. NCL (Bahamas) Ltd.</u>, 2016 WL 8730145, *5 (S.D. Fla.). In addition to representing a reasonable adoption of Oklahoma state law, limiting the recovery of medical expenses to those actually paid represents a more fair representation of the recovery to which an injured party should be entitled. Claimant will be limited in the presentation of damages to only those medical expenses actually paid.

10) References to any matters not raised in the pleadings.

This issue is moot since no jury will hear the evidence.

IT IS THEREFORE ORDERED that Petitioner's Omnibus Motion in Limine (Docket Entry #67) is hereby **GRANTED**, in part, **DENIED**, in part, and **MOOT**, in part, as specifically set forth herein.

IT IS SO ORDERED this 27th day of February, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE