**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

IN THE MATTER OF THE COMPLAINT    )
AND PETITION OF DAVE VICKERS,     )
AS OWNER OF THE M/V WAKESETTER    )    Case No. CIV-17-302-KEW
FOR EXONERATION FROM OR           )
LIMITATION OF LIABILITY           )

## OPINION AND ORDER

This matter comes before the Court on Petitioner's Motion to Strike or Exclude Claimant's Expert Witness and Expert Report for Inadequate Disclosures Pursuant to Federal Rule of Civil Procedure 37 and Failure to Qualify Witness as an Expert Pursuant to Federal Rules of Evidence 702 and 703 (Docket Entry #66). At the Pretrial Conference of this case, the parties were permitted to supplement the briefing. Petitioner seeks to preclude the testimony of Claimant's expert witness, Dr. Daniel Cochran, and have his expert report stricken based upon alleged deficiencies in the description of his testimony on the witness list filed of record and the expert report.

Claimant's witness list filed October 10, 2018 (Docket Entry #58) indicated Dr. Cochran would testify as follows:

> Will testify to the injuries suffered by Bryan Buchanan in the 7-23-16 boating incident, the severity of Claimant's resulting disability, what future medical action should be taken, including the estimated cost thereof. His detailed report will be offered as an exhibit (copy was furnished to Petitioner's counsel on the day of the settlement conference).

This identification of Dr. Cochran's anticipated testimony was sufficient to put Petitioner on notice of the general content of

the witnesses' intended statements.

Petitioner also challenges Dr. Cochran on several fronts under Fed. R. Civ. P. 26(a) and the rubric for expert testimony admission espoused in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993). The primary challenges to Dr. Cochran's testimony addressed by Petitioner's motion are:

- An insufficient or incomplete curriculum vitae.
- Questions concerning Dr. Cochran's qualifications to testify as a result of his experience and education reflected on the curriculum vitae.
- Opinions as to causation and future medical treatment and cost cannot be accepted since Dr. Cochran was a treating physician rather than a properly qualified expert witness.
- The basis for Dr. Cochran's opinions are unclear or flawed.
- Any literature or documentation he relied upon for his opinions is not identified.
- His compensation was not revealed.
- Dr. Cochran's report - even as modified - was insufficient to adequately disclose his opinions.
- His qualifications and his stated basis for his opinions do not meet the requirements for admissibility under Daubert.

The Court should acknowledge that Dr. Cochran provided an updated curriculum vitae which included additional information on his licensure and background. While his report is somewhat sparse as compared to experts that routinely testify in court, this Court cannot conclude that it does not reveal his medical opinion to Petitioner such that his deposition could not be taken and Petitioner's counsel could not prepare for cross-examination at trial. As for Dr. Cochran's qualifications and the basis for his opinions, it is recognized that in non-jury trials, the trial judge as the finder of fact will consider only relevant and admissible testimony. Irrelevant and inadmissible testimony will be identified and disregarded in the final decision. The normal "gatekeeper function" identified in Daubert, "is not implicated." Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp., 616 F.Supp.2d 1250, 1256 (M.D. Fla. 2009); *see also* United States v. Brown, 415 F.3d 1257, 1269 (11th Cir. 2005)("There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself."). Accordingly, Dr. Cochran will be permitted to testify at trial on all issues for which he is qualified to render an opinion as well as his treatment of Claimant. The Court will later determine issues of the admissibility and reliability of his testimony.

IT IS THEREFORE ORDERED that Petitioner's Motion to Strike or Exclude Claimant's Expert Witness and Expert Report for Inadequate

Disclosures Pursuant to Federal Rule of Civil Procedure 37 and Failure to Qualify Witness as an Expert Pursuant to Federal Rules of Evidence 702 and 703 (Docket Entry #66) is hereby **DENIED**, subject to the later consideration of the admissibility and reliability of the testimony from Dr. Cochran in the Court's final assessment of the evidence.

IT IS SO ORDERED this 27th day of February, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE